No. 584
FIKE v. KIRK et al.
No. 19148. Supreme Court
On motion to certify. Dock. May 15, 1925,
3 Abs. 329.

45. ADVERSE POSSESSION—Can user
claim title by adverse possession, as against
present owner, when use of premises have
been permitted by former owner so that users
could reach grist mill operated by said former
owner?

This original actio nwas commenced in the
Knox Common Pleas by Oregon Fike to enjoin David A. Kirk and others as trustees of
Union Township from opening up and establishing a public way through his premises.

It seems that the property of Fike was originally owned by one, John Hawn, who platted
what is now a part of the hamlet of Millwood.
Said Hawn had built a grist mill and in the
plat established a street called "Mill Street",
said grist mill being at the end of said street.
It was disclosed in the testimony that the public, in order to arrive at the mill, not only used
said "Mill Street" and another road, but they
would occasionally drive across the common
from the south, with the permission of Hawn,
the owner of the mill property, and that it
was incident to the carrying on of his business.
In 1910 the owner of the entire mill tract
through which a spur of a railroad had been
constructed sold to Fike all of the said mill
tract which lay to the north of the railroad
right of way. Following this conveyance the

## OHIO SUPREME COURT—Continued

use continued very much the same in the driving over of this common, until shortly prior to the commencement of this suit, when at the instance of Kirk, who was then the owner of the tract lying south of the railroad right of way, the Township Trustees were proposing to take possession of and grade a road through premises of Fike, leading from "Mill Street" to the railroad right of way. The Common Pleas returned a judgment in favor of the Trustees and Fike's petition was dismissed. The judgment was affirmed by the Court of Appeals.

Fike takes the case to the Supreme Court and contends:—

It is not claimed by Kirk or other trustees there was ever any dedication of a public way through the premises of Fike but the contention is, that the use of the driving over this common for a long number of years established a right of way by adverse user of the property.

It is contended that the use of the premises was not only with permission by the then owner, but was for the benefit of the owner who was carrying on the milling business, in that the public was permitted to reach his place of business, and if it was only so used for the benefit of the owner of the mill property when the deed for the portion of said open common was made in 1910, a reservation should have been made in the deed which was not done.

It is claimed that to establish a right of title by adverse possession, the use made by those who claim a title must be open, hostile, continued and adverse as against the owner of the premises. Mere continued use without any assertion of right or hostile use as against owner is not sufficient, and where use is had with assent and permission of owner, no matter how long this may continue it is not adverse possession.

It is contended that possession by permission from owner is not adverse and cannot ripen into title, no matter how long continued or exclusive it might be.

Attorneys—F. O. Levering, for Fike; B. E. Sapp and W. G. Harris, for Kirk et al; all of Mt. Vernon.